EBERT *v.* CORNING.

MORTGAGES—PAYMENT—EVIDENCE—SUFFICIENCY.

On a bill for the discharge of two mortgages, the finding of the court below that the debt of plaintiff represented by said mortgages was paid in full, *held*, supported by the record.

Appeal from Huron; Beach (Watson), J. Submitted October 17, 1919. (Docket No. 62.) Decided December 22, 1919.

Bill by Caroline Ebert against Anna Corning, executrix of the last will of William Corning, deceased, for the discharge of certain mortgages. Defendant filed a cross-bill for a reformation of said mortgages and to foreclose the same. From a decree for plaintiff, defendant appeals. Affirmed.

*George M. Clark,* for plaintiff.

*G. W. Davis,* for defendant.

MOORE, J. We quote from the brief of the solicitor for the appellant in this case:

"Plaintiff filed a bill of complaint to obtain a decree discharging two mortgages given by her to the estate of William Corning, on or about the 26th day of April, 1904, for $2,900 and $1,000 respectively, and in her bill of complaint she alleges that she is entitled to the penalty of $100 provided for by the statute, on failure to discharge mortgages after payment. The trial court in its first decree awarded such penalty, but subsequently omitted it. Defendant answered, and in her answer in the nature of a cross-bill, prayed the reformation of said two mortgages and also the foreclosure thereof. The real controversy arises concerning interest unpaid by the plaintiff on two other mortgages given by the plaintiff to William Corning,

the principal and interest of which to the date of the making of said mortgages of April 26th, 1904, were to be included therein. The first of the old mortgages dated the 24th day of January, 1883, was due October 1st, 1884, and was for $200 with interest at eight per cent. per annum, payable April 1st and October 1st of each year, with exchange on New York, and ten per cent. payable on the 1st day of April and October each year, after maturity of the mortgage until paid. * * * The second of the old mortgages was for $700, dated October 1st, 1883, due October 1st, 1886, with the time for the payment of interest and the rate of interest the same as the $200 mortgage. * * *

"The defendant properly makes claim for the unpaid interest upon the two old mortgages, and that the same should have been included in the new mortgages. She contends that: It was agreed between the plaintiff and the defendant that the amount of the two old mortgages and the unpaid interest thereon should be included in and as a part of the moneys, the payment of which was to be secured by the new mortgages. * * *

"That the amount of the interest due and unpaid upon the two old mortgages in April, 1904, when the two new mortgages were given, was $616.30. That $100 of the new loan was not included in the new mortgages. * * * That the said new mortgages should be reformed so as to include the amount of the interest upon the two old mortgages and the said $100 of the new loan, and that decree should be entered for the foreclosure thereof, if the same is not paid."

It was the claim of the plaintiff that her debt represented by all the mortgages was paid in full, and the trial judge so found. The case is brought here by appeal.

The two last-named mortgages were payable at the Second National Bank of Saginaw. The decisive questions in the case are questions of fact. The testimony covers nearly one hundred pages of printed record. It is conflicting. We have already stated where the mortgages were payable.

In the record appears the following:

"May 27th, 1909.

"MR. JOHN RYAN, Cashier,

"Bad Axe, Mich.

"*Dear Sir:* We have received your letter of the 26th inst. inclosing draft for $3,919.50 to pay two mortgages given by Caroline Ebert to Anna Corning and Edward Corning, executors of the estate of William Corning, deceased.

"We have notified Miss Corning and requested her to forward discharges of these mortgages.

"Yours very truly,
"EDWARD W. GLYNN, Cashier."

Mr. Glynn was the cashier of the Second National Bank of Saginaw. His deposition was taken and offered in evidence on the part of the defendant. In it appears the following:

"*Q.* Do you remember of two mortgages being given by Mrs. Ebert in 1904 to the Corning estate?

"*A.* There are two mortgages under date of April 26, 1904, one for $2,900 and one for $1,000. On May 26, 1909, we received a letter enclosing a draft for $3,919.50 in payment of the two mortgages, in favor of Anna and Edward Corning, executors of the estate of William Corning, deceased. One of $2,900, recorded in liber 69 of mortgages, page 526, recorded May 31, 1904, the other mortgage of $1,000, recorded in liber 75, page 430, on June 7, 1904. A memorandum on the letter in the files, shows we wrote to Anna Corning, May 27, 1909, and in the files is a letter from her in 1910, referring to the Caroline Ebert mortgages, in which she complains that there was a mistake in the amount due, and that she had written Mrs. Ebert and called her attention to it, and that she had not questioned it, and that she had seen Mrs. Ebert personally and rendered her a statement, and that she had supposed that when she wanted the discharge, she would adjust the matter.

"*Q.* Has there been any interest paid on those two mortgages since the deposit of that $3,919.50?

"*A.* It appears that there has been none paid."

An examination of the entire record convinces us

that the plaintiff has shown by a decided preponderance of the evidence that the averments of her bill of complaint are true.

The decree is affirmed with costs to the plaintiff.

BIRD, C. J., and SHARPE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.